1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER DUNDON,

           Plaintiff,

  v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security

           Defendant.

CASE NO. 2:15-CV-01262-RJB-DWC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

Noting Date: February 26, 2016

      The District Court has referred this action, filed pursuant to 42 U.S.C § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff seeks judicial review of the denial of Plaintiff's application for Disability Insurance Benefits ("DIB").

      After reviewing the record, the Court concludes the Administrative Law Judge ("ALJ") erred by finding Plaintiff was capable of performing his past relevant work. Therefore, the undersigned recommends the entry of an Order reversing and remanding the ALJ's decision pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## PROCEDURAL & FACTUAL HISTORY

On January 20, 2012, Plaintiff filed an application for DIB. *See* Dkt. 7, Administrative Record ("AR") 146-152. Plaintiff alleges he became disabled on June 24, 2011, due to cervical spinal stenosis and radiculopathy. *See* AR 146, 166. Plaintiff's application was denied upon initial administrative review and on reconsideration. *See* AR 69, 79. A hearing was held before an ALJ on August 21, 2013, at which Plaintiff, represented by counsel, appeared and testified. *See* AR 29.

On February 21, 2014, the ALJ found Plaintiff was not disabled within the meaning of Sections 216(i) and 223(d) of the Social Security Act. AR 24. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on June 25, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1, 20 C.F.R. § 404.981, § 416.1481. On July 30, 2015, Plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision.

Plaintiff argues the denial of benefits should be reversed and remanded for further proceedings, because the ALJ erred by finding Plaintiff was able to perform his past relevant work at Step Four of the sequential evaluation. Dkt. 9, p. 1.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits only if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable

mind might accept as adequate to support a conclusion.'" *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (*quoting Davis v. Heckler*, 868 F.2d 323, 325-26 (9th Cir. 1989)).

## DISCUSSION

I. Whether the ALJ Erred at Step Four of the Sequential Evaluation.

Plaintiff argues the ALJ erred at Step Four by finding Plaintiff was capable of performing past relevant work as a preschool special education teacher. Specifically, Plaintiff argues the ALJ erroneously found Plaintiff's past relevant work was generally performed in the national economy at the light exertional level rather than at the medium exertional level. Plaintiff also argues the ALJ erroneously found his work as a preschool special education teacher was not distinct from the DOT categories of "teacher, mentally impaired;" and "teacher, physically impaired."

**A. Standard**

Plaintiff, not the Commissioner, has the burden at Step Four of the disability evaluation process to show that he is unable to return to his past relevant work. *Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Past relevant work encompasses more than the demands and duties of a claimant's particular past relevant job; a claimant may also be found not disabled at Step Four if the claimant retains the residual functional capacity to perform "the functional demands and job duties of the occupation as generally required by employers throughout the national economy." Social Security Ruling ("SSR") 82-61, *available at* 1982 WL 31387, *2 (emphasis added). *See also Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001).

In assessing a claimant's past relevant work, an ALJ "may rely on the general job categories of the *Dictionary* [*of Occupational Titles*, § 315.610-010 ("DOT")], with its supplementary *Selected Characteristics* [*of Occupations Defined in the Dictionary of*

1  *Occupational Titles* ("Selected Characteristics")] as presumptively applicable to a claimant's

2  prior work." *Villa v. Heckler*, 797 F.2d 794, 798 (9th Cir. 1986). However, the claimant may

3  challenge this finding in one of two ways. First, the claimant may overcome the presumption "by

4  demonstrating that the duties in his particular *line* of work were not those envisaged by the

5  drafters of the category." *Id.* (*citing De Loatche v. Heckler*, 715 F.2d 148, 151 (4th Cir. 1983)

6  (emphasis added).  For example, reliance on the DOT would be inappropriate in this case if

7  Plaintiff successfully demonstrated the occupation of preschool special education teacher was

8  sufficiently distinct from the occupations of "teacher, physically impaired" and "teacher,

9  mentally impaired." *See Villa*, 797 F.2d at 798-999.  Second, the claimant may "undertak[e] the

10 burdensome task of demonstrating that the Selected Characteristics inaccurately evaluate the

11 exertional demands of a job title that does apply." *Id.* In other words, a claimant may argue that

12 the ALJ applied the incorrect DOT job category, or may argue the ALJ actually applied the

13 correct DOT category, but the DOT category itself contains erroneous exertional requirements.

14              **B.  Application of Standard**

15       Here, the ALJ found Plaintiff had the residual functional capacity to perform light work

16 as defined in 20 C.F.R. § 404.1567(b), and the ability to lift and/or carry 10 pounds frequently,

17 and 20 pounds occasionally. AR 15. During the hearing, a vocational expert, Michael Swanson

18 testified Plaintiff's past relevant work, as he performed it, exceeded this residual functional

19 capacity. AR 59 (noting Plaintiff's actual performance of his past relevant work was at the

20 medium exertion level). *See also* AR 58 (Plaintiff testifying his school district required he be

21 able to lift up to fifty pounds from floor to table height). However, Mr. Swanson also testified

22 Plaintiff's past relevant work is classified in the DOT as "teacher, mentally impaired" and

23 "teacher, physically impaired," both of which are listed at the light, rather than medium,

24

exertional level. AR 57 (*citing* Teacher, Physically Impaired, DOT No. 093.223-014, *available at* 1991 WL 646905, *and* Teacher, Mentally Impaired, DOT No. 094.227-022, *available at* 1991 WL 646908). The ALJ relied upon this testimony to conclude Plaintiff could perform his past relevant work consistent with how the occupation is generally performed in the national economy. AR 23.

      Plaintiff argues the ALJ erred by classifying his past relevant work as "teacher, physically impaired" and "teacher, mentally impaired" rather than the more physically demanding occupation of "preschool special education teacher."[1] Moreover, Plaintiff contends even if the ALJ had properly classified his past relevant work using the DOT categories, the ALJ nonetheless erred in determining the occupations of "teacher, physically impaired" and "teacher, mentally impaired" were performed at the light, rather than medium, exertional level.

      In support of these positions, Plaintiff testified his classrooms routinely had children with severe behavioral problems who required occasional physical restraint, as well as children with severe physical disabilities who required frequent lifting and respositioning. AR 38-40. Plaintiff also testified his school district required a preschool special education teacher to be able to lift fifty pounds from floor to table height. AR 58. Plaintiff offered lay witness statements from his former supervisor and two former colleagues to corroborate his testimony. AR 214-16. Plaintiff

---

[1] In the context of special education, the DOT categories focus exclusively on elementary and secondary education. *See* Teacher, Physically Impaired, DOT No. 094.224-014, *available at* 1991 WL 646905, *and* Teacher, Mentally Impaired, DOT No. 094.227-022, *available at* 1991 WL 646908. Notably, this is inconsistent with the DOT's classification of other education occupations, where the DOT does recognize occupations at all educational levels. *See* Teacher, Preschool, DOT No. 092.227-018, *available at* 1991 WL 646897 *and* Teacher, Kindergarten, DOT No. 092.227-014, *available at* 1991 WL 646896.

1   also provided the opinion of Dr. Olof Elofson, Ph.D., a vocational expert witness.[2] Dr. Elofson

2   opined "that a special education teacher, working in a preschool setting, must be capable of

3   working at the medium level." AR 218. Dr. Elofson further opined the DOT categories of

4   "teacher, physically impaired," and "teacher, mentally impaired," were "somewhat obsolete, as

5   these categories are most commonly taught in integrated classrooms with a variety of disabilities,

6   but nonetheless, require the ability to work at the medium level of exertion." AR 218. Dr.

7   Elofson supported these deviations from the DOT classifications by noting preschool special

8   education teachers must assist in transferring special needs children into and out of standing

9   frames, wheelchairs, and other devices, must occasionally restrain children with behavioral

10  difficulties, and must occasionally restrain children with seizure disorders to prevent injuries. AR

11  218-19. Dr. Elofson also noted the Department of Labor also considers the DOT to be obsolete,

12  and more recent Department of Labor publications "describe the job of a preschool special

13  education teacher as '*physically demanding*.'"[3] AR 219 (emphasis in original) (*citing*

---

[2] Plaintiff submitted Dr. Elofson's opinion to the ALJ after the close of evidence, but before the ALJ rendered his written decision. AR 220. The Appeals Council subsequently admitted Dr. Elofson's opinion into the record before denying review. AR 1-5. "[W]hen a claimant submits evidence for the first time to the Appeals Council, which considers that evidence in denying review of the ALJ's decision, the new evidence is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence." *Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159-60 (9th Cir. 2012).

[3] The DOT's obsolescence is widely recognized. *See, e.g.*, *Cunningham v. Astrue*, 360 Fed.Appx. 606, 616 (6th Cir. 2010); *Nguyen v. Colvin*, 2014 WL 2207068 at *3, n.1 (C.D. Cal. 2014); *Jordan v. Astrue*, 2009 WL 3380979, at *3, n.1 (D. Neb. 2009) (noting the DOT was last updated in 1991, and the Department of Labor, the author of the DOT, now maintains O*NET as "the current source of information"); *Horsley v. Comm'r, Soc. Sec. Admin.*, 2013 WL 980315, at *3 (S.D. Ohio 2013) (noting the DOT is "considered obsolete by most other federal agencies"); *Bunger-Stanley v. Comm'r, Soc. Sec. Admin.*, 2011 WL 4501977, at *4 (S.D. Ohio, 2011) (directing the ALJ, on remand, to use O*NET rather than the DOT). At least one court has observed "[w]hile the Social Security Commissioner does take administrative notice of [the DOT] when determining if jobs exist in the national economy . . . common sense dictates that

Occupational Information Network ("O*NET"), U.S. Department of Labor). Plaintiff contends this evidence necessarily leads to a conclusion Plaintiff's past relevant work was not accurately captured by the DOT categories of "teacher, physically impaired" and "teacher, mentally impaired," because such work is generally performed at the medium, rather than light, exertional level. Dkt. 11, p. 5.

The Court's inquiry is limited to reviewing whether the ALJ's decision was supported by substantial evidence and free of legal error. *Bayliss*, 427 F.3d at 1214 n.1.  Here, the ALJ relied upon Mr. Swanson's vocational expert testimony to conclude Plaintiff's past relevant work was generally performed at the light exertional level in the national economy. However, Mr. Swanson's testimony, in the context of the whole record, does not rise to the level of substantial evidence necessary to support the ALJ's conclusion.

Unlike Dr. Elofson, who supported his opinion by reference to his Ph.D in Educational and Counseling Psychology, his experience working as a special education teacher, and his experience testifying as a vocational expert in over 7,000 social security cases, Mr. Swanson acknowledged he did not have any first-hand or observational experience of the job requirements of a preschool special education teacher. *See* AR 66-67, 218. Further, Mr. Swanson's opinion was conclusory, inconsistent with his own testimony and without support in the record as a whole. During his testimony, Mr. Swanson acknowledged he could not "begin to guess the[] weights" of preschool-aged children (despite its relevance to the lifting requirements of Plaintiff's past relevant work), and was unaware of the legal requirements for supervision and certification in a preschool special education classroom. AR 57, 64. Mr. Swanson also

---

when such descriptions appear obsolete, a more recent source of information should be consulted." *Cunningham*, 360 Fed.Appx. at 616.

acknowledged the exertional demands of the past relevant work would change based on the severity of the children's disabilities, but offered no testimony to indicate why, how, or to what degree such severity would impact the demands. AR 58. Mr. Swanson concluded Plaintiff's past relevant work was consistent with the DOT descriptions for "teacher, mentally impaired," and "teacher, physically impaired," despite the fact all available evidence about Plaintiff's past relevant work was inconsistent with the DOT descriptions Mr. Swanson testified were applicable. *Compare* AR 38-40 *and* AR 214-16 (describing job requirements such as standing for 90% of the day, lifting children between 20-70 pounds, crawling, bending, squatting, and reaching) *with* Teacher, Physically Impaired, DOT No. 093.223-014, *available at* 1991 WL 646905 (describing physical requirements as being able to arrange and adjust tools, work aids, and equipment such as "worktables, computers, typewriters, and mechanized page turners"), *and* Teacher, Mentally Impaired, DOT No. 094.227-022, *available at* 1991 WL 646908 (describing responsibilities such as instructing students in "daily living skills required for independent maintenance and economic self-sufficiency, such as hygiene, safety, and food preparation"). Finally, Mr. Swanson's conclusion is further undermined by his inaccuracy in his descriptions of the limitations contained in the DOT. *Compare, e.g.*, AR 66-67 (Mr. Swanson's testimony indicating the DOT entry for "teacher, physically impaired" was last updated in 1986 and described stooping as "not present for the job") *with* Teacher, Physically Impaired, DOT No. 093.223-014, *available at* 1991 WL 646905 (indicating the DOT entry for the position was updated in 1991, and indicating stooping was required "occasionally").

        In light of these deficiencies, Mr. Swanson's opinion Plaintiff's past relevant work is accurately captured by the DOT categories of "teacher, physically impaired" and "teacher,

mentally impaired" is conclusory, inconsistent with his own testimony, and is without support in the record as a whole.

Social Security Ruling 00-4P provides guidance to the administration in situations such as the one presented here. "[I]f all available evidence (including [vocational expert] testimony) establishes that the exertional demands of an occupation meet the regulatory definition of 'medium' work (20 C.F.R. §§ 404.1567 and 416.967), the adjudicator may not rely on VE testimony that the occupation is 'light' work." SSR 00-4P, *available at* 2000 WL 1898704 at *3. In this case, the only evidence in the record supporting a conclusion Plaintiff's past relevant work can be characterized as light work is Mr. Swanson's conclusory statement to that effect. AR 57-58. Such evidence is no more than a mere scintilla, and, as SSR 00-4P implies, is not evidence "a reasonable mind might accept as adequate to support a conclusion." *Magallanes*, 881 F.2d at 750. *Cf. Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir. 2008).

Defendant argues the evidence provided by Plaintiff only addresses how his past relevant work was performed in one school district, thus, Mr. Swanson's conclusions and the DOT categories are still accurate descriptions of how Plaintiff's past relevant work is performed generally in the national economy. However, Plaintiff has demonstrated his past relevant work was sufficiently distinct from the DOT classifications relied upon by the ALJ. *See Villa*, 797 F.2d at 798.[4] As discussed above, Mr. Swanson's testimony was without support in the record, and does not constitute substantial evidence to support the ALJ's conclusions at Step Four.

---

[4] As the Court has concluded Plaintiff has demonstrated his past relevant work is sufficiently distinct from the DOT classifications, the Court need not address whether the light work limitations contained in the DOT categories of "teacher, mentally impaired" and "teacher, physically impaired" are accurate.

Because the ALJ failed to support his conclusions at Step Four of the sequential evaluation with substantial evidence, the ALJ erred. Further, as the ALJ failed to proceed on to Step Five of the sequential evaluation, the error is not inconsequential to the ultimate nondisability determination. *See Tommassetti v. Astrue*, 533 F.3d 1035, 1042-43 (9th Cir. 2008) (holding an ALJ's error at Step Four was harmless, because even though the ALJ erroneously concluded the claimant could not perform his past relevant work, the ALJ nonetheless made findings at Step Five of the sequential evaluation which were supported by substantial evidence). *See also Molina v. Astrue,* 674 F.3d 1104, 1117 (9th Cir. 2012) *Pinto v. Massanari*, 249 F.3d 840, 844-45 (9th Cir. 2001). Thus, the error is harmful and requires remand.

    II.    <u>Whether the Case Should be Remanded for an Award of Benefits or Further Proceedings</u>

Plaintiff argues the case should be reversed and remanded for the award of benefits, rather than for further proceedings.

Generally, when the Social Security Administration does not determine a claimant's application properly, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has established a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (*quoting Smolen*, 80 F.3d at 1292. This test, often referred to as the "credit-as-true" rule, allows a court to direct an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman,* 211 F.3d at 1178 (*quoting Smolen*, 80 F.3d at 1292). *See also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014), *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396 (9th Cir. 1988). Further, even if the ALJ has made the three errors under *Smolen*, such errors are relevant only to the extent they impact the underlying question of Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the credit-as-true conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (*citing Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

Here, outstanding issues must be resolved. Though Plaintiff argues for a remand for the immediate payment of benefits, Plaintiff concedes the ALJ did not proceed on to Step Five of the sequential evaluation, did not consider whether Plaintiff would be able to transfer his skills to light work, did not fully develop the record as to what jobs Plaintiff could potentially transfer to, and did not consider whether any alternate jobs would require more than a minor vocational adjustment. Dkt. 9, p. 8. As the case did not proceed on to Step Five, there is insufficient evidence in the record to establish Plaintiff could be found to be disabled as a matter of law. *See Harman v. Apfel*, 211 F.3d 1172, 1180 (9th Cir. 2000). *See also Treichler v. Comm'r, Soc. Sec. Admin.*, 775 F.3d 1090, 1105-06 (9th Cir. 2014). Therefore, the case should be remanded for additional proceedings .

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 11

## CONCLUSION

Based on the above stated reasons and the relevant record, the undersigned finds the ALJ erred in finding Plaintiff was not disabled and recommends this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. The undersigned recommends the entry of an order directing the ALJ to find Plaintiff cannot perform his past relevant work at Step Four of the sequential evaluation, and to proceed on to Step Five of the sequential evaluation. The ALJ should also develop the record as needed. The undersigned recommends judgment be entered for Defendant and the case closed.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on February 26, 2016, as noted in the caption.

Dated this 5th day of February, 2016.

David W. Christel
United States Magistrate Judge